IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DWAYNE PAYNE, | : | MOTION TO VACATE |
| BOP ID 64908-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:14-CV-3772-SCJ-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:13-CR-294-2-SCJ-ECS |

**FINAL REPORT AND RECOMMENDATION**

Dwayne Payne and Renaldo Robichaw were indicted for conspiring with one another to deal firearms without a license, in violation of 18 U.S.C. § 371. See [Doc. No. 11]. Mr. Payne entered a non-negotiated guilty plea, see [Doc. No. 43-1], and he was sentenced to a four-year term of imprisonment, see [Doc. No. 50].[1] Mr. Payne did not file a direct appeal.

Mr. Payne has now filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. See [Doc. No. 77]. Mr. Payne asserts two grounds for relief. First, Mr. Payne argues that he is "innocen[t] of the crime charge[d]" because he "cannot conspire with a Government Agent." [Id. at 4]. Second, Mr. Payne argues that this Court "lacks subject matter jurisdiction because [he] never committed a crime." [Id. at 5].

---

[1] Mr. Robichaw also pled guilty, see [Doc. No. 47-1], and also was sentenced to a four-year term of imprisonment, see [Doc. No. 54]. Mr. Robichaw's direct appeal is pending. See [Doc. No. 55].

While it is true that "it takes at least two to conspire[,] neither of which may be government agents or informers," United States v. Wright, 63 F.3d 1067, 1072 (11th Cir. 1995), Mr. Payne was indicted for conspiring with Mr. Robichaw, his co-defendant. See [Doc. No. 11]. Moreover, Mr. Payne admitted under oath at his Rule 11 hearing that there was a factual basis for his plea of guilty. To now overcome the "strong presumption" that his sworn statements were true, United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994), Mr. Payne must carry the "heavy burden to show his statements were false," United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988). Mr. Payne does not allege in his § 2255 motion that any statement he made at his Rule 11 hearing was false.

In addition, tenable actual innocence claims require that a petitioner "persuade[] the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 329 (1995). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Id. at 324. And "claims of actual innocence are rarely successful." Id.

2

In his § 2255 motion, Mr. Payne has offered no "new reliable evidence." Consequently, Mr. Payne cannot now claim that he is "actually innocent," or that this Court lacked subject matter jurisdiction over him.

Finally, Mr. Payne's failure to raise either of his two grounds for relief on direct appeal limits his right to do so in a § 2255 proceeding. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (internal quotation marks omitted). Procedural default is excused only "(1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence." Id. Mr. Payne does not argue that the cause and prejudice exception applies, and, as discussed above, the allegations in his § 2255 motion do not point to any "new reliable evidence," as is required to demonstrate "actual innocence."

Because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief," this Court "must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4. Accordingly, the undersigned **RECOMMENDS** that Mr. Payne's § 2255 motion be **SUMMARILY DISMISSED**.

The undersigned further **RECOMMENDS** that a Certificate of Appealability ("CoA") be **DENIED** because Mr. Payne does not meet the requisite standard for the issuance of a CoA.  See <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 26th day of November, 2014.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)