**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DWAYNE PAYNE, | : | MOTION TO VACATE |
| BOP ID 64098-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:14-CV-3772-SCJ |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:13-CR-294-2-SCJ |

## **ORDER**

This matter is before the Court on federal inmate Dwayne Payne's Objections [81] to a Final Report and Recommendation (the "Final R&R") [78], recommending dismissal of his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [77]. For the reasons that follow, the Final R&R will be adopted and approved as the order of this Court (as supplemented by this Order) and Payne's § 2255 Motion will be summarily dismissed.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's Final R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (internal quotation marks and citation omitted). Those portions of the Final R&R that are not objected to need only be reviewed for clear error. *Macort v. Prem,*

AO 72A
(Rev.8/82)

*Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]  Where objections are made, a district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1)(C), and "give fresh consideration to those issues to which specific objection has been made," *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).  However, a district judge has discretion to decline to consider arguments that were not raised before the magistrate judge.  *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).  Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court."  *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

    The Final R&R recited the history of Payne's conviction on a non-negotiated guilty plea to conspiring with Renaldo Robichaw to deal firearms without a license, in violation of 18 U.S.C. § 371.  *See* [78 at 1].  The Final R&R explained why Payne's

---

[1] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings; however, the Supreme Court has held that there is no reason for the district court to apply a different standard of review to a magistrate judge's legal conclusions.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Thus, district courts in this circuit have routinely applied a clear-error standard to both.  *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006) (collecting cases).

AO 72A
(Rev.8/82)

claims that (1) he was "innocen[t] of the crime charge[d]" because he could not "conspire with a Government Agent" and (2) this Court "lack[ed] subject matter jurisdiction because [he] never committed a crime," [77 at 4-5], were unavailing, *see* [78 at 1-3]. The Final R&R therefore recommended that Payne's § 2255 Motion be summarily dismissed and that he be denied a Certificate of Appealability because he did not make the requisite showing. *See* [78 at 4].

In his Objections, Payne does not contest the Final R&R's observation that Robichaw can be considered his co-conspirator, but he now argues instead that the Final R&R did not address his claim that there was never an "overt act" taken in furtherance of the conspiracy. *See* [81 at 2]. Even considering this objection *de novo*, it is clear from the record that Payne "discuss[ed] with the undercover agent purchasing firearms," *see* [72 at 3], an overt act adequate to support his conviction.[2]

In his Objections, Mr. Payne also complains that the Final R&R failed to apply *Bousley v. United States*, 523 U.S. 614 (1998). That case dealt with a collateral attack under § 2255 on a conviction based on the movant's claim that his "guilty plea was not knowing and intelligent because he was misinformed by the District Court as to

---

[2] The Indictment listed an additional dozen overt acts taken by Payne and Robichaw in furtherance of their conspiracy. *See* [11 at 5-8].

AO 72A
(Rev.8/82)

the nature of the charged crime." *Bousley*, 523 U.S. at 616. Payne made no such claim in his § 2255 motion. *See* [77 at 4-5 (stating Grounds One and Two)]. Accordingly, this Court declines to consider this claim now that Payne is raising it for the first time in his Objections. *See Williams*, 557 F.3d at 1292.

After *de novo* review of the entire Final R&R, the Court **OVERRULES** Payne's Objections [81]. As supplemented by this decision, the Final R&R [78] is hereby **APPROVED AND ADOPTED** as the Order of this Court. Payne's § 2255 motion [77] is **SUMMARILY DISMISSED**. *See* 28 U.S.C. foll. § 2254, Rules 1(b) & 4. And Payne is **DENIED** a Certificate of Appealability.

**SO ORDERED**, this 18th day of December, 2014.

> s/Steve C. Jones
> STEVE C. JONES
> UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)